DECISION AND JUDGMENT ENTRY
{¶ 1} Larry and Patricia Moore appeal the Scioto County Court of Common Pleas' judgment in favor of Martha Patton on her claim for fraud. The Moores contend that the evidence does not support the trial court's finding that they made material misrepresentations upon which Patton relied in purchasing their former home. The Moores also assert that the evidence does not support the trial court's award of damages to Patton. Because we find that the record contains some competent, credible evidence supporting the trial court's findings, we disagree. Accordingly, we overrule the Moores' assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} The Moores owned a home on 27th Street in Portsmouth, Ohio. They lived there from 1992 through May of 1997, when they moved to a new residence and listed the 27th Street property for sale. In March of 1998, Patton became interested in the property. On March 20, 1998, the Moores signed a residential property disclosure form. On the form, the Moores indicated that they were not aware of any "current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space." Additionally, the Moores indicated that they had not taken and were not aware of any attempts to control water or dampness problems over the past five years. The Moores also indicated that they were not aware of any material problems with the foundation, floors, or interior/exterior walls.
 {¶ 3} Patton visited the property three times before deciding to purchase it. On the third occasion her friend, Greg Stevens of Greg Stevens Construction, also visited the house. Patton testified that Stevens walked through the house as a favor to her, and did not receive compensation for doing so. Neither Patton nor Stevens noticed any problems with the basement bathroom.
 {¶ 4} Shortly after Patton moved into the home, a heavy rain occurred, and water began to accumulate in the basement bathroom. The problem occurred every time a hard northerly rain occurred. Eventually, Patton hired Glenn Cordle to perform repairs to the foundation, exterior, and interior walls. Cordle charged Patton a total of $10,500 for the repairs. Patton paid Cordle the full amount he billed to her.
 {¶ 5} Patton filed a complaint in the trial court for damages, alleging that the Moores made material misrepresentations concerning the foundation and water leakage that she relied upon in negotiating the purchase. Patton's complaint included a similar claim regarding the house's air conditioning system, which also began to malfunction shortly after her purchase of the house.
 {¶ 6} At the bench trial, the Moores testified that they were not aware of any water leakage problems with the house prior to Patton's purchase. They each testified that they had a problem with the gutters in approximately 1993, and that they had the problem repaired. They claimed that they had not taken any measures to correct any sort of water leakage or dampness problem with the house. When presented with her deposition testimony, however, Mrs. Moore admitted that they applied a water sealant to the basement bathroom twice while they resided there, and that they were aware that the previous owners applied a water sealant shortly before they purchased the house.
 {¶ 7} Patton subpoenaed James Ronald Baker of Baker's Contracting, Inc. to testify. Baker testified that sometime in 1996 or 1997, Mr. Moore contacted him for an estimate regarding some repairs at the 27th Street residence. While Baker was at the house, Mr. Moore asked him to look at a water problem. Specifically, he asked Baker to look at a problem with water entering the basement in and near the bathroom. Baker observed water in the basement bathroom and in an adjacent cubbyhole. Baker informed Mr. Moore that the water leakage was beyond the scope of his contracting business, and suggested that he contact a contractor who specializes in basement and foundation waterproofing.
 {¶ 8} Baker also testified that Patton or her husband called him to look at a water problem at the 27th Street residence shortly after Patton purchased the property. Baker stated that the water problem he saw when Patton owned the residence was the same as the problem he saw when the Moores owned the residence. Specifically, he observed water leaking into the home in the precise location where he observed the water when the Moores owned the house. He informed Patton that he had seen the problem before with the Moores.
 {¶ 9} Patton testified that she relied upon the Moores' representations on the residential property disclosure form in making her decision to purchase the residence. Patton stated that the bathroom had been freshly painted when she viewed the property, and that no water leakage problem was apparent except during heavy northerly rains. Patton presented the written estimates for the repair work necessary to eliminate the water leakage problem, and testified that she incurred the charges reflected in the estimates and paid them in full.
 {¶ 10} The trial court issued a written decision finding that the Moores made material misrepresentations concerning a leak in the foundation. The court found that Patton failed to prove her similar claim concerning the air conditioning system. The court awarded damages to Patton in the amount of the repair estimates she submitted for the water leakage, $10,500.
 {¶ 11} The Moores appeal, asserting the following assignments of error: "I. The trial court committed reversible error to the appellants' detriment in that the trial court's finding that the appellee, in purchasing the subject residential property, `relied upon material misrepresentations made by the defendants[-appellants]' was not supported by the evidence and the elements of fraud had not been proven. II. The trial court committed reversible error in awarding damages to the appellee in that appellee failed to prove damages, the trial court's award of damages was not supported by the evidence and failed to consider all relevant factors before the court."
 II. {¶ 12} In both of their assignments of error, the Moores assert that the trial court's judgment is not supported by the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993), 66 Ohio St.3d 610, 614; SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 13} The parties each cite to Gaines v. Preterm-ClevelandInc. (1987), 33 Ohio St.3d 54, for setting forth the essential elements of Patton's claim. Specifically, "[t]he elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Gaines at 55, citing Burr v. Stark Cty. Bd. ofCommrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus.
 A. {¶ 14} In their first assignment of error, the Moores assert that Patton did not establish the fact of a pre-existing water leakage problem with the house, did not establish that they concealed or misrepresented any condition, and did not establish that she ultimately relied upon any representations they made. The Moores argue that Patton or Stevens would have noticed any pre-existing water problem upon their inspection of the house, and that a problem of such magnitude "could not have been remedied by the application of mere water sealant" as Mrs. Moore testified. Additionally, the Moores contend that Patton clearly did not rely upon their representations, because she arranged for Stevens to look at the house before she purchased the property.
 {¶ 15} The Moores fail to even mention Baker's testimony in their brief. In light of Baker's testimony, their argument that the record does not contain evidence supporting a finding of a pre-existing water problem borders on frivolous. Specifically, Baker testified that the Moores consulted him in 1996 or 1997 about the precise water leakage problem Patton experienced after her purchase of the house in 1998. The fact that the Moores testified otherwise merely illustrates that the trial court, as the trier of fact, found their testimony less credible than Baker's. We find that Baker's testimony constitutes some competent, credible evidence that the water leakage problem existed prior to Patton's purchase of the home.
 {¶ 16} Patton testified that she did not observe any evidence of water leakage when she inspected the house, but noticed that the bathroom had been freshly painted. Patton did not allege that the Moores had "remedied" the problem with the mere application of water sealant. Rather, she alleged that they concealed it. The evidence of recent painting, combined with Mrs. Moore's admission of the application of a water sealant, supports Patton's allegation. Additionally, Patton testified that she relied upon the Moores' representations regarding water problems and the condition of the foundation. The fact that she had Stevens, a friend who is a contractor, look at the house does not disprove her testimony. We find that the foregoing constitutes some competent, credible evidence that Patton did not notice the water leakage problem prior to purchasing the home and that she relied upon the Moores' representations.
 {¶ 17} Upon review of the record, we find that it contains some competent, credible evidence that: (a) the Moores represented to Patton that the house had no water leakage or foundation problems; (b) whether the house had such problems was material to the purchase contract; (c) the Moores' representations were false, and the Moores knew that water leaked through the foundation during hard northerly rains; (d) the Moores intended to mislead Patton into purchasing the house for the negotiated price; (e) Patton justifiably relied upon the Moores' representations; and (f) Patton incurred an injury as a result of her reliance. Accordingly, we overrule the Moores' first assignment of error.
 B. {¶ 18} In their second assignment of error, the Moores assert that Patton did not present evidence to support the trial court's damage award. Specifically, the Moores complain that Patton did not present the testimony of the person who prepared the estimates and performed the repairs on the house, and therefore argue that the trial court could not rely upon them. Additionally, the Moores contend that Patton's delay in obtaining the estimates must have compounded the cost of the repairs. The Moores do not cite any legal authority in support of their arguments.
 {¶ 19} The Moores did not object at trial to the admission of Patton's estimates. Additionally, the Moores did not object to Patton's testimony regarding the estimates. Patton testified that Cordle prepared the estimates for repairs, that she hired Cordle to perform the repairs at the price reflected in the estimates, and that she paid Cordle the amount reflected in the estimates. The Moores did not question Patton regarding the nature of the repairs or adduce any evidence that the cost was exacerbated in some manner by Patton's actions.
 {¶ 20} We find that the written estimates, combined with Patton's testimony, constitute some competent, credible evidence supporting the trial court's damage award. Accordingly, we overrule the Moores' second assignment of error, and we affirm the judgment of the trial court.
Judgment Affirmed.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.