DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants appeal the judgment of the Circleville Municipal Court awarding appellee, Joe Angles, $8,410 on his breach of contract claim.[1] They assert that the judgment (1) is against the manifest weight of the evidence; (2) violates the doctrine of substantial performance; and (3) unjustly enriches Angles. Because we find: (1) that some competent, credible evidence supports the judgment, the judgment is not against the manifest weight of the evidence; (2) that the doctrine of substantial performance relates to whether a contract is breached, and not to damages, the judgment is not in violation of that doctrine; and (3) that the doctrine of unjust enrichment is only triggered when an express contract does not exist, the judgment did not unjustly enrich Angles. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In an earlier opinion of this court, we found the following facts to be relevant: "Joe Angles hired Virgil and Wendell West of VW, Inc. to lay the concrete for two driveways, a porch, and steps at Angles' newly built home. The parties entered into an oral agreement in which appellants agreed to do the work for $11,110.00. Four months after appellants completed the work, Angles noticed that cracks had developed in the concrete. Specifically, the concrete pours done by the appellants had developed severe midline cracking. Angles filed suit against appellants alleging that they breached the contract by failing to perform in a workmanlike manner.
 {¶ 3} "At trial, Angles presented the deposition of Donald Pierce, a construction consultant for Columbus Testing Laboratory Engineers. Mr. Pierce testified that the cracking occurred because the concrete slabs had an insufficient number of saw joints and because the saw joints that were present were not deep enough. According to Mr. Pierce, saw joints control where the cracking occurs. With saw joints, the cracking will be minimized and occur in the joint rather than randomly. Relying on standards published by the American Concrete Institute, Mr. Pierce testified that the largest section of concrete poured should be no more than 10 feet, and that any area larger than that needs a saw joint. Many of appellants' concrete sections were 15 to 20 feet wide. Mr. Pierce testified that the unsightly cracks could have been avoided if appellants had used `proper joint methods.'
 {¶ 4} "After a one-day bench trial, the court found that appellants had not performed in a workmanlike manner and, thus, had breached the contract. The court recognized that the general measure of damages for defects in construction contracts is the `cost to repair,' i.e., the cost of curing the defects. However, the court felt that the possibility of repair had not been adequately addressed, so it set the matter for a further hearing.
 {¶ 5} "At the second hearing, the court heard testimony from Joe DeFelice of A.L.D. Concrete and Grading. Mr. DeFelice testified that repairing the concrete so that it didn't look like a patch job would cost almost as much as replacing it. At the first hearing, the court heard testimony that replacing the concrete work would cost approximately $16,000 to $18,000. That price included the cost of removing the old concrete, which alone cost $3,000 to $3,500.
 {¶ 6} "Subsequently, the court determined that there was no possibility for successful repair. The court found that the defects in workmanship were substantial and that appellants' work had `no extrinsic (sic) value.' The trial court then awarded Angles $11,110, the original contract price." Angles v. West, etal., Pickaway App. No. 02CA16, 2003-Ohio-464, at ¶¶ 2-6. Appellants appealed, asserting, in part, that the trial court's judgment was against the manifest weight of the evidence because there was no evidence that the concrete had no value. We reversed the trial court's judgment on that basis and remanded.
 {¶ 7} On remand, the trial court determined the value of the concrete was $3,600. To arrive at that number, the trial court found that the appellants poured sixty yards of concrete at a cost of $60 per yard. The trial court then determined that 25% is the proper deduction for the appellant's improper work.[2]
Then, the trial court reduced the original judgment of $11,110 by $2,700, which was the price of the concrete after the 25% deduction. Accordingly, appellants were ordered to pay Angles $8,410.
 {¶ 8} Appellants appeal, asserting the following assignments of error: "[I.] The trial court erred in returning Eight Thousand Four Hundred Ten and 00/100 Dollars ($8,410.00) to the Plaintiff as such judgment is against the manifest weight of the evidence because there is no evidence that the concrete is worth only Two Thousand Seven Hundred and 00/100 Dollars ($2,700.00). [II.] The trial court erred in returning Eight Thousand Four Hundred Ten and 00/100 Dollars ($8,410.00) to the Plaintiff because such action is violative of the doctrine of substantial performance. [III.] The trial court erred in returning Eight Thousand Four Hundred Ten and 00/100 Dollars ($8,410.00) to the Plaintiff because it creates an unjust enrichment, instead of correcting one."
 II. {¶ 9} In their first assignment of error, appellants claim the trial court's judgment is against the manifest weight of the evidence because no evidence in the record exists showing that the concrete is only worth $2,700. Specifically, appellants argue that the trial court improperly deducted 25% from the cost of the concrete, when it should have deducted 25% from the original contract price of $11,110.
 {¶ 10} "A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. "When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993), 66 Ohio St.3d 610, 614; SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80." Patton v.Moore, Scioto App. No. 03CA2902, 2004-Ohio-3629, at ¶ 12.
 {¶ 11} We originally remanded this case on the basis that the trial court's original judgment was against the manifest weight of the evidence because no evidence showed that the concrete was without value. The trial court was charged to determine the value of the concrete and properly assess the disposition of damages.
 {¶ 12} The trial court valued the concrete at $3,600. It arrived at that figure from appellants' testimony that they poured sixty yards of concrete at a cost of $60 per yard. The trial court then reduced that value by 25% based on the testimony of Joe DeFelice. DeFelice testified, as an expert, that it is common to reduce the price of concrete by approximately 25% for improper work. The defendants also requested a deduction of 25% in their memorandum on damages, but posited that the deduction must be taken from the original contract price and not the cost of the concrete. Therefore, some competent, credible evidence existed to support the 25% deduction.
 {¶ 13} Appellants claim that the trial court improperly deducted 25% from the cost of the concrete. They argue that the trial court should have deducted 25% from the original contract price. However, the trial court was assessing the value of the concrete in order to properly assess damages. Therefore, it would have been improper for the trial court to take the deduction from the original contract price, which exceeded the cost of the concrete by $7,510. Thus, some competent, credible evidence existed for the trial court's judgment valuing the concrete at $2,700. Accordingly, appellants' first assignment of error is without merit.
 III. {¶ 14} In their second assignment of error, appellants assert that the trial court erred in awarding $8,410 to Angles in violation of the doctrine of substantial performance. Specifically, appellants argue that because they substantially performed under the contract that damages are limited to the cost of repair. Appellants rely on Hansel v. Creative Concrete Masonry Constr. Co., 148 Ohio App.3d 53, 2002-Ohio-198.
 {¶ 15} Appellants' argument is flawed. The doctrine of substantial performance relates to whether a contractual breach has occurred, but not to damages. Hansel at ¶ 11. In general, the doctrine of substantial performance only supports "a recovery of the contract price less allowance for defects in performance or damages for failure to strictly comply with the contract. * * * In this sense, the doctrine of substantial compliance is related to damage issues." Id. at ¶ 13.
 {¶ 16} Here, the trial court found that the appellants and Angles entered into a requirements contract and that the appellants materially breached that contract by failing to produce the concrete driveway using workmanlike skills. We cannot find that the trial court erred in its determination that appellants breached the requirements contract.[3] Because the trial court found appellants to have breached the contract, the doctrine of substantial performance is not applicable and appellants are not entitled to the general assessment of damages under that doctrine. Accordingly, appellants' second assignment of error is without merit.
 IV. {¶ 17} In their third and final assignment of error, appellants argue that the trial court erred in its judgment because it results in unjust enrichment to Angles. However, the doctrine of unjust enrichment is not applicable. Unjust enrichment is the theory for damages when an express contract does not exist, but the trial court finds a quasi-contract. Inre Estate Popov, Lawrence App. No. 02CA26, 2003-Ohio-4556, at ¶ 26. Here, the trial court found that an oral contract existed between appellants and Angles, and neither appellants nor Angles have denied that such a contract existed. Therefore, unjust enrichment is not the proper measure of damages and appellants' third assignment of error is without merit.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Circleville Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.
Justice J. Craig Wright, retired from the Supreme Court of Ohio, sitting by assignment of the Supreme Court of Ohio in the Fourth District Court of Appeals.
[1] The named defendants in the complaint are Virgil West, Wendell West, and VW, Inc. The trial court found each defendant jointly and severally liable.
[2] The appellants argued that 25% was the proper deduction in their memorandum on damages to the trial court, but argued that the 25% deduction should be taken from the entire contract price and not just the price of concrete. This figured was arrived at by Joe DeFelice, who testified as an expert at the second hearing.
[3] We note that appellants fail to notice an important distinction between this case and Hansel. In Hansel, all of the experts testified that repair of the concrete driveway was possible, whereas here, DeFelice and Pierce testified that repair is not possible.